UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

------------------------------------------------------------------x

In re:                                                    Case No.: 15-22499 (CGM)

BARBARA GLASSER
                                                          CHAPTER: 13
                        DEBTOR.
------------------------------------------------------------------x

BARABAR GLASSER

                        MOVANT

V.
                                                          MOTION TO DETERMINE VALUE
                                                          OF SECURITY AND CREDITOR'S
                                                          ALLOWED SECURED CLAIM

WELLS FARGO BANK, NA

                        RESPONDENT
------------------------------------------------------------------x

## **DEBTOR'S MOTION PURSUANT TO 11 U.S.C. SECTION 506(A) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM**

### **INTRODUCTION**

   This is motion brought by the Debtor pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Respondent in the residential real estate of the debtor and determine the amount of the allowed secured claim of the Respondent .

### **JURISDICTION**

   1.    The Debtor alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

   2.    The Debtor further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code,

Section 157(b)(2) of Title 28 of the United States Code.

## THE BASE CASE AND PARTIES

3. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on April 14, 2015.

4. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code. The Debtor are informed and believe and therefore allege that the Respondent received actual notice of the filing of this case and also received a copy of the Debtor's proposed Chapter 13 Plan.

5. On April 28, 2015 the Debtor's Chapter 13 Model Plan was filed with this court and served on all pertinent parties. Said plan calls for the cram down of the lien on the Debtor's property, a single family house located at 2 Mountainview Rd., Lake Luzerne, NY 12846. ( the 'Premises")

6. The Respondent filed 2 Proofs of Claim which appear to be duplicates. ( See POC Nos. 6 and 7)

7. The Debtor respectfully objects to the filing of duplicate claims and to the extent one or the other is not withdrawn by the Respondent, the Debtor respectfully moves the Court to strike claim number 7.

8. Based upon information and belief, the lien claimed by Wells Fargo Bank, NA on the Debtors' property far exceeds the fair market value of the premises.

## FACTUAL ALLEGATIONS

9. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of Wells Fargo. Based upon information and belief, Wells Fargo's interest in the debt is secured by a mortgage lien. The Debtor alleges that such property is not subject to the anti-modification provisions of Section 1322(b)(2) of the Bankruptcy Code since it is not the Debtor primary residence.

10. The Debtor alleges that at the time she filed her bankruptcy petition and at the present time the value of her interest in the said real estate was and is approximately $30,000.00 which is the actual appraised value of the real property. (see Exhibit A)

11. The Debtor' interest in the real estate is subject to a lien arising out of a first mortgage allegedly securing a note owned by Wells Fargo in the amount claimed to be $140,533.99.

12.     The Plaintiff alleges that pursuant to 11 U.S.C. Section 1322(b)(2) and 11 U.S.C. Section 506(a), the value of the lien should be valued at $30,000.00.

13.     Such treatment is consistent with 11 U.S.C. 1322(b)(2) because the property is not the Debtor' residence.

**WHEREFORE,** the Debtor respectfully pray of the Court as follows:

A.      That this Court determine that the secured claim on the business property of the Plaintiff should be valued at the tax value of $30,000.00 and the difference treated as unsecured debt;

B.      That the $30,000 secured claim be paid over the 5 year terms described in the plan.

C.      That the Debtor have such other and further relief as to the Court may seem just and proper.

Dated this the 23rd Day of September, 2015

/s/ Linda M. Tirelli
GARVEY, TIRELLI & CUSHNER, LTD
Attorneys for the Debtors(s)
Westchester Financial Center
50 Main Street, Suite 390
White Plains, NY 10606
(914)946-2200